IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WALTER L. WAGNER,<br><br>        Plaintiff,<br><br>v.<br><br>RAFAEL EDWARD CRUZ, *also known as* TED CRUZ,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR ENTRY OF DECLARATORY JUDGMENT<br><br>Case No. 2:16-cv-55-JNP<br><br>Judge Jill N. Parrish |

Before the court are two pending motions: Plaintiff Walter L. Wagner's Motion for Entry of Declaratory Judgment (Docket 10), and Defendant Senator Ted Cruz's 12(b) Motion to Dismiss (Docket 13). Pursuant to DUCivR 7-1(f), the court determined that oral argument would not be helpful or necessary to resolve these pending motions. After careful consideration of the record, the relevant law, and the parties' memoranda, the court GRANTS Senator Cruz's Motion to Dismiss and DENIES AS MOOT Mr. Wagner's Motion for Entry of Declaratory Judgment.

## BACKGROUND

Senator Ted Cruz, who is seeking the Republican Party's nomination for President, is a candidate in the Utah Republican Presidential Primary election. Senator Cruz was born in Canada. Because Senator Cruz's mother was a citizen of the United States at the time of his birth, he is a U.S. citizen.

Mr. Wagner is a Utah citizen and retired attorney who is registered to vote in Utah. On January 22, 2016, Mr. Wagner filed a pro se complaint for declaratory relief requesting a declaration that Senator Cruz is ineligible to run for President because he is

1

not a "natural born citizen" within the meaning of Article II, Section 1 of the U.S. Constitution.[1] In short, Mr. Wagner contends that because Senator Cruz was not born on U.S. soil, he is not a "natural born citizen" and therefore does not meet the qualifications for President as required by the Constitution.

Mr. Wagner asserts that he "has a vested interest in insuring that all candidates for the position of President are legally qualified, including being 'natural born' citizens as required by the U.S. Constitution." Mr. Wagner further contends that "[h]aving an unqualified candidate compete with the numerous qualified candidates" "in the caucuses and elections of Utah" "potentially skews the results of those events, and potentially places [Senator Cruz] in a position of unlawfully serving as President should someone else not challenge his candidacy based on his lack of 'natural born' status." Thus, Mr. Wagner "seeks a declaratory judgment that defendant is not a 'natural born' citizen," and asks that the court determine that Senator Cruz is instead a naturalized U.S. citizen. Mr. Wagner has also filed a Motion for Entry of Declaratory Judgment requesting that the court enter judgment in his favor.

On February 24, 2016, Senator Cruz filed a Motion to Dismiss Mr. Wagner's complaint. Senator Cruz argues that (1) Mr. Wagner does not have standing to challenge Senator Cruz's eligibility, (2) Mr. Wagner's challenge is not ripe, and (3) this court is an improper forum for addressing Mr. Wagner's challenge. Senator Cruz further contends that he is a "natural born citizen" and is an eligible presidential candidate.

## LEGAL STANDARD

Because Mr. Wagner is acting pro se, the court construes his pleadings liberally

---

[1] "No person except a *natural born* Citizen, or a Citizen of the United States at the time of the Adoption of this Constitution, shall be eligible to the Office of President." U.S. Const. art. II, § 1, cl. 4 (emphasis added).

and applies a "less stringent standard[]" than is applicable to "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).[2] Thus, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal authorities, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* Thus, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Furthermore, dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

Mr. Wagner's complaint is not the first of its kind. Other federal courts have received similar challenges from individuals questioning Senator Cruz's eligibility to run for President.[3] And like the courts that have ruled on this question,[4] this court holds that

---

[2] Generally, pro se litigants who are licensed attorneys are not given the same deference as other pro se litigants. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). However, Mr. Wagner is a retired attorney. Because it appears that Mr. Wagner is no longer licensed to practice law in the state of Utah, the deferential pro se pleading standard still applies.

[3] *See, e.g.*, *Booth v. Cruz*, No. 15-cv-518-PB, 2016 WL 403153 (D.N.H. Jan. 20, 2016); *Liberace v. Martin*, No. 4:16-cv-57-BSM (E.D. Ark. Feb. 29, 2016); Am. Compl., *Green v. Cruz*, No. 5:16-cv-207 (N.D. Ala. filed Feb. 3, 2016); Second Am. Compl., *Schwartz v. Cruz*, No. 4:16-cv-106 (S.D. Tex. filed Feb. 3, 2016).

[4] *See Booth*, 2016 WL 403153, at *2–3; *Liberace*, slip op. at 2.

3

Mr. Wagner lacks standing to bring his claim.[5]

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quoting U.S. Const. art. III, § 2). The doctrine of standing is used to determine whether a "case" or "controversy" exists by "identify[ing] those disputes which are appropriately resolved through the judicial process." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

"Whether a claimant has constitutional standing is a threshold jurisdictional question" that may be raised at any time. *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008); *Wilson v. Glenwood Intermountain Props., Inc.*, 98 F.3d 590, 592–93 (10th Cir. 1996). "The party invoking federal jurisdiction"—here, Mr. Wagner—"bears the burden of establishing standing." *Lujan*, 504 U.S. at 561.

To establish Article III standing, Mr. Wagner "must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony*, 134 S. Ct. at 2341 (quoting *Lujan*, 504 U.S. at 560–61). Mr. Wagner must prove each of these elements "in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 2343 (quoting *Lujan*, 504 U.S. at 561). Thus, at this motion to dismiss stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561.

Despite this low pleading threshold, Mr. Wagner cannot meet the first standing

---

[5] The fact that Mr. Wagner's action is for a declaratory judgment does not affect the court's standing analysis. "Like any lawsuit, a declaratory judgment action must meet Article III's standing criteria." *Bishop v. Smith*, 760 F.3d 1070, 1091 n.13 (10th Cir. 2014).

element. "An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* "[T]he injury must affect the plaintiff in a personal and individual way." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (quoting *Lujan*, 504 U.S. at 560 n.1) The Supreme Court has

> consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.

*Lujan*, 504 U.S. at 573–74. Thus, it is not enough for an individual to bring a lawsuit based on his status as a "citizen" or a "taxpayer." *Lance v. Coffman*, 549 U.S. 437, 440 (2007) (per curiam). "[E]ven in a proceeding which he prosecutes for the benefit of the public, . . . [the plaintiff] must generally aver injury peculiar to himself, as distinguished from the great body of his fellow citizens." *Id.* (quoting *Tyler v. Judges of Court of Registration*, 179 U.S. 405, 406 (1900)).

Here, Mr. Wagner does not allege any particularized harm resulting from Senator Cruz's campaign. Rather, Mr. Wagner only contends that he is "a citizen of Utah, registered to vote in Utah, and a long-time resident in Utah." Because he is "an organ of the State," Mr. Wagner argues "he has standing to insure that the Utah election process is not cluttered with defendant Cruz and his false claims." Yet these alleged harms are only based on Mr. Wagner's status as a citizen. Nowhere does Mr. Wagner allege how he will be injured "in a personal and individual way," *Lujan*, 504 U.S. at 561, or how his injury as an "organ of the State" can be "distinguished from the great body of his fellow citizens," *Lance*, 549 U.S. at 440 (quoting *Tyler*, 179 U.S. at 406). Airing "generally available grievances" as a citizen is not enough to show an "injury in fact." *See Lujan*, 504 U.S. at 573–74.

Furthermore, the harms alleged by Mr. Wagner are conjectural and hypothetical at best. Although Mr. Wagner alleges that "[h]aving an unqualified candidate compete with the numerous qualified candidates *potentially* skews the results of those events, and *potentially* places him in a position of unlawfully serving as President," such fears are not actual and imminent. *See id.* at 561. Without a particularized and personalized concrete injury, Mr. Wagner lacks standing to bring his declaratory judgment action.[6]

Because the court holds that Mr. Wagner's lack of standing is dispositive of this case, the court does not reach the underlying question of Senator Cruz's eligibility to be President of the United States. *See Lance*, 549 U.S. at 439 ("Federal courts must determine that they have jurisdiction before proceeding to the merits."). And because "it is patently obvious that [Mr. Wagner] could not prevail" on his claim because he lacks standing, the court holds that "allowing him an opportunity to amend his complaint would be futile." *Curley*, 246 F.3d at 1281–82 (quoting *Hall*, 935 F.2d at 1110).

## CONCLUSION

For the foregoing reasons, the court GRANTS Senator Cruz's Motion to Dismiss (Docket 13). Accordingly, Mr. Wagner's complaint is dismissed with prejudice. Mr. Wagner's Motion for Entry of Declaratory Judgment is therefore DENIED AS MOOT (Docket 10).

---

[6] Mr. Wagner contends that he nonetheless has standing based on *Lindsay v. Bowen*, 750 F.3d 1060 (9th Cir. 2014), in which the Ninth Circuit addressed a presidential candidate's challenge to Article II's age requirement. In that case, Ms. Lindsay sued the California Secretary of State for removing her name from the ballot because she was only twenty-seven-years-old.
  Mr. Wagner alleges that in *Lindsay*, "Judge Kozinski stated that the state (meaning the people, who are the state) has a duty to insure that the election process is not cluttered with clearly ineligible candidates." It is unclear to the court, however, whether *Lindsay* actually equates the "State" with "the people" as Mr. Wagner asserts. Regardless, *Lindsay* is distinguishable from the case at hand. Not only does the Ninth Circuit's opinion not address the question of standing, but the claims in that case were brought by the candidate herself—an individual with a particularized and personalized injury—not a citizen challenging Ms. Lindsay's eligibility to run for President.

Dated this 18th day of March, 2016.

                        BY THE COURT:

                        _____
                        Judge Jill N. Parrish
                        United States District Court